UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY CANNON,

                            Plaintiff,

   v.

STATE OF NEVADA, DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, DIVISION OF WELFARE
AND SUPPORTIVE SERVICES, *et al.*,

                          Defendants.

Case No. 2:20-cv-02231-ART-NJK

ORDER

This case is brought by *pro se* plaintiff Anthony Cannon ("Cannon") and involves various accusations related to Cannon's employment with the State of Nevada and termination. Before the Court are Defendants' motion to dismiss Cannon's Complaint (ECF No. 21), Cannon's motion for leave to file an amended complaint (ECF No. 66), and Cannon's motion for a status update (ECF No. 73). For the reasons set forth below, the Court grants Defendants' motion to dismiss and grants Cannon's motion for leave to file an amended complaint but dismisses his proposed complaint ("First Amended Complaint") for failure to state a claim. The Court will allow Cannon 30 days to file a second amended complaint. The Court denies as moot Cannon's motion for a status update.

## I.    Procedural History

Cannon filed his Complaint on December 10, 2020. (ECF No. 2.) He identified 11 claims which appear to be all related to his employment with the State of Nevada Department of Health and Human Services, Division of Welfare and Supportive Services ("DHHS"). (*Id.*) His Complaint references events that occurred in 2018 and 2019 related to disciplinary issues, termination, an

investigation, and an administrative hearing. (*Id.*) His Complaint attaches a notice of dismissal and of his right to sue from the U.S. Equal Employment Opportunity Commission ("EEOC") following their determination that they were unable to conclude that the information they obtained establishes statutory violations.

After missing the 90-day service deadline set forth in FRCP 4(m), the Clerk's Office notified Cannon that his Complaint would be dismissed unless he filed proof of service by May 29, 2021. (ECF No. 6.) Cannon was further informed that service must have taken place prior to the expiration of the deadline set forth in FRCP 4(m) or Cannon would have to show good cause why such service was not made. (*Id.*) Cannon filed a response to the Clerk's Office's notice of intent to dismiss and he sought leave of court for additional time to file proof of service. (ECF Nos. 7, 8, 11.) The Court granted Cannon additional time to effectuate service until October 1, 2021. (ECF No. 12.) Cannon filed several executed summonses. (*See* ECF Nos. 15, 16, 17, 18, 19, 20.) Additional defendants listed by Cannon in his Complaint (ECF No. 2) – Deirdre McCain, Ramon Reyes, Shelly Aguilera, Mark Gentile, John Taft, and Paul Laux have not been served.

Defendants filed a motion to dismiss arguing that the Complaint should be dismissed because of Cannon's failure to serve certain defendants, failure to state a claim, lack of individual liability under Title VII, sovereign immunity, lack of a private right of action to enforce criminal statute 18 U.S.C. § 1001, failure to exhaust his Title VII claims, and on the basis that Linda Anderson is entitled to absolute immunity for her acts as Chief Deputy Attorney General. (ECF No. 21.)

Defendants also filed motions to stay discovery and to vacate the Early Neutral Evaluation ("ENE") arguing that engaging in discovery and participating in an ENE would be wasteful because the Complaint was legally and factually insufficient. (ECF No. 33; 35.) The Court granted the motions to vacate the ENE

and stay discovery. (ECF No. 36; 46; 64; 65.) The Court has also stricken two unauthorized reply briefs filed by Cannon (ECF No. 62), denied without prejudice three of Cannon's motions to amend his Complaint (ECF No. 63), and denied two of Cannon's motions to admit evidence (ECF No. 69).

Cannon has filed a motion for leave to file an amended complaint (ECF No. 66) and a motion for a status update (ECF No. 73). Those motions, along with Defendants' motion to dismiss (ECF No. 21) remain pending and the subject of this Order.

## II.   Analysis

### A. Defendants' Motion to Dismiss

The Court dismisses Cannon's Complaint (ECF No. 2) for failure to state a claim. The Court has considered Defendants' motion to dismiss (ECF No. 21), Cannon's response (ECF No, 26) and Defendants' reply (ECF No. 28). The Court agrees with Defendants' argument that Cannon's Complaint (ECF No. 2) fails to state a claim and thus it declines to reach the remaining arguments in Defendants' motion to dismiss.

Cannon's Complaint must be dismissed because it alleges no set of facts that would entitle Cannon to relief. FRCP 12(b)(6). A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[ ] enough facts to state a claim to relief that is plausible on its face." (internal quotation marks and citation omitted). District courts apply a two-step approach when

3

considering motions to dismiss. *Id.* at 679. The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences from the Complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts*, Inc., 724 F.3d 1235, 1247–48 (9th Cir. 2013). The Court then considers whether the factual allegations in the Complaint allege a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

Even under more lenient standards afforded to *pro se* plaintiffs, Mr. Cannon's Complaint is factually and legally insufficient. Cannon's Complaint is conclusory and devoid of sufficient facts to support Mr. Cannon's theories of liability. Cannon allegations include Title VII race discrimination and retaliation, due process and equal protection violations, discrimination under federal criminal statute 18 U.S.C. §1001, and several Nevada Administrative Code sections in Chapter 284. (*Id.*) Cannon's Complaint names the DHHS and several individual defendants but fails to identify which defendant harmed Cannon and how. The Court is unable to discern which defendants are accused of which cause of action. The Complaint consists largely of blanket statements and is not sufficiently detailed or plausible to survive dismissal. The Court therefore grants Defendants' motion to dismiss.

The Court additionally advises Cannon that his response to Defendants' motion to dismiss does not comply with Local Rules and cautions him to comply with Local Rules going forward. Cannon's response to Defendants' motion to dismiss consists of 869 pages including exhibits but is nonresponsive to the issues identified in Defendants' motion to dismiss. The Court notes that the response itself is 48 pages, which far exceeds the page limitations set by Local Rule 7-3. L-R 7-3(b). The Court cautions Cannon that he must comply with Local Rules.

///

## B. Cannon's Motion to Amend

Though Cannon's proposed First Amended Complaint fails to comply with Local Rule 15-1 or state a claim, the Court grants Cannon leave to file a second amended complaint.

Cannon's motion to amend fails to comply with Local Rule 15-1 because he failed to attach to his motion a proposed amended complaint that is complete in and of itself. LR 15-1(a). Cannon's motion for leave to amend included a lengthy narrative and attached a partially filled out form complaint alleging a claim for employment discrimination. Because the attached proposed complaint is incomplete, it does not comply with Local Rule 15-1. The Court recognizes that unlike his prior motions for leave to amend this time Cannon attached partial complaint using the Court's form complaint and is trying in good faith to comply with Local Rule 15-1.

Even if the Court construes pages 3-23 of Cannon's motion to amend his Complaint (ECF No. 66) along with his Cannon's proposed First Amended Complaint (ECF No. 66-1), collectively, as Cannon's First Amended Complaint, Cannon still fails to state a claim. Cannon alleges multiple different violations of law: 42 U.S.C. § 1983, Family Medical Leave Act (FMLA), 29 U.S.C §. 2615,18 U.S.C §. 241-242,18 U.S.C § 2510-21, 18 U.S.C § 1621-1622, NRS 284. 387; NAC 284.655, NAC 284.718, NAC 284.650, and Title VII against Steve Fisher; Bart London; Melody Duley; Kristina Litle; Linda Anderson, and DHHS. Cannon's allegations are sprawling and difficult to follow, consisting largely of portions of transcripts. It appears Mr. Cannon was terminated on July 23, 2018, by Steve Fisher for unauthorized use of confidential information and insubordination or willful disobedience. He alleges he was subjected to discriminatory termination, retaliation, and FMLA discrimination. He raises various issues regarding his termination hearings. He argues that Steve Fisher lied under oath. He accuses Defendants of telling the same lies to illegally

terminate him and violate his civil rights and constitutional rights. He describes harassment on the part of Defendant Melody Duley who subjected him to an internal investigation. He describes Kristina Litle transferring him to a less desirable position, presumably predating his termination. Ms. Litle apparently requested that Cannon do a "Special Project" but didn't train him and when he asked for training he was told to google it. He alleges that as a black male he was subjected to more stringent "call out" procedures and describes filing a complaint with the Department of Labor on February 22, 2018, regarding FMLA violations and an EEOC complaint. Cannon's First Amended Complaint fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Cannon. A more detailed analysis is made difficult by the vague and sprawling nature of Cannon's First Amended Complaint. It will therefore be filed by the Clerk and dismissed without prejudice.

Because the Court finds that the proposed First Amended Complaint fails to state a claim the Court does not reach the balance of Defendants' arguments. Defendants arguments include the following: There is no private cause of action for the cited criminal statutes; No facts support an FMLA claim and any such claim would be untimely; There is no individual liability under Title VII; Mr. Cannon has not shown he exhausted his administrative remedies as to Title VII; Any claim under 42 U.S.C. § 1983 is untimely and subject to sovereign immunity; and Ms. Anderson is entitled to absolute prosecutorial immunity.

Because the Court cannot definitively say, as Defendants argue, that further amendment would be futile, the Court grants Cannon leave to file a second amended complaint if he so chooses. The Court has discretion to grant leave and should do so "when justice so requires." FRCP 15(a)(2); *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996). The liberality of FRCP 15(a) is not without limitations. *See Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Courts may deny leave to amend if it will cause

undue delay, cause undue prejudice to the opposing party, the request is made in bad faith, the Plaintiff has previously amended the complaint, or the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The Court finds that here amendment would not necessarily be futile or cause undue prejudice.

If Cannon elects to file a second amended complaint, the Court cautions Cannon that failure to comply with the Federal Rules of Civil Procedure and Local Rules may result in dismissal with prejudice. The Court recommends that Cannon review carefully Defendants' pleadings and the Court's previous orders. The Court has vacated the ENE (ECF Nos. 36; 64), stayed discovery (ECF Nos. 46; 65), and stricken multiple pleadings (ECF No. 62) putting Cannon on notice that litigating this action without complying with the rules governing civil litigation will prevent his case from going forward. The Court has thus far not dismissed this action and afforded Cannon some latitude because he is proceeding *pro se*, but latitude is not without limitation. If Cannon chooses to file a second amended complaint, Cannon must provide a short and plain statement explaining how each named defendant caused him a specific injury. Vague allegations that groups of defendants have violated various constitutional and statutory rights are not acceptable. Cannon is reminded that neither states nor state officials sued in their official capacities for money damages are "persons" who may be sued under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Cannon is also cautioned that he should not sue under statutes that do not provide for a private right of action. He is advised that Title VII imposes liability only on employers, not on individual employees. The FMLA does not require a plaintiff to exhaust administrative remedies. Rather, 29 C.F.R. § 825.400(a) gives employees the choice of filing a complaint with the Secretary of Labor or a civil action pursuant to 29 U.S.C. § 2617.

Prosecutorial immunity extends to government civil attorneys. *See Fry v. Melaragno*, 939 F.2d 832, 836–37 (9th Cir. 1991). This general guidance is not a substitute for Cannon's own obligation to conduct independent research and prosecute his case with diligence.

The Court will thus grant the Cannon's motion for leave to file an amended complaint (ECF No. 66); direct the Clerk of Court to file his attached proposed complaint as the First Amended Complaint (66-1); dismiss the First Amended Complaint without prejudice and with leave to amend; and give Cannon 30 days to file a second amended complaint if he so chooses.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (ECF No. 21) is GRANTED.

IT IS FURTHER ORDERED that Cannon's motion for leave to file an amended complaint (ECF No. 66) is GRANTED. The Clerk of the Court is kindly directed to file Cannon's attached proposed complaint (66-1) as the First Amended Complaint and DISMISS the First Amended Complaint WITHOUT PREJUDICE and with LEAVE TO AMEND.

IT IS FURTHER ORDERED THAT Cannon's motion for a status update (ECF No. 73) is DENIED as moot.

IT IS FURTHER ORDERED THAT Cannon has 30 days to file a second amended complaint if he so chooses.

DATED THIS 18th Day of November 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE