UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANTHONY CANNON, | Case No. 2:20-cv-02231-ART-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF WELFARE AND SUPPORTIVE SERVICES, *et al.*, | |
| Defendants. | |

This case is brought by *pro se* plaintiff Anthony Cannon ("Cannon") and involves various accusations related to Cannon's employment with the State of Nevada and termination. Before the Court is Cannon's motion for a "continuation" because he is unable to pursue his case without assistance but is unable to afford an attorney. (ECF No. 76.) For the reasons set forth below, the Court denies Cannon's motion and dismisses this case.

I. **Procedural History**

Cannon filed his Complaint on December 10, 2020. (ECF No. 2.) He identified 11 claims which appear to be all related to his employment with the State of Nevada Department of Health and Human Services, Division of Welfare and Supportive Services ("DHHS"). (*Id.*) His Complaint references events that occurred in 2018 and 2019 related to disciplinary issues, termination, an investigation, and an administrative hearing. (*Id.*) His Complaint attaches a notice of dismissal and of his right to sue from the U.S. Equal Employment Opportunity Commission ("EEOC") following their determination that they were

unable to conclude that the information they obtained establishes statutory violations.

After missing the 90-day service deadline set forth in FRCP 4(m), the Clerk's Office notified Cannon that his Complaint would be dismissed unless he filed proof of service by May 29, 2021. (ECF No. 6.) Cannon was further informed that service must have taken place prior to the expiration of the deadline set forth in FRCP 4(m) or Cannon would have to show good cause why such service was not made. (*Id*.) Cannon filed a response to the Clerk's Office's notice of intent to dismiss and he sought leave of court for additional time to file proof of service. (ECF Nos. 7, 8, 11.) The Court granted Cannon additional time to effectuate service until October 1, 2021. (ECF No. 12.) Cannon filed several executed summonses. (*See* ECF Nos. 15, 16, 17, 18, 19, 20.) Additional defendants listed by Cannon in his Complaint (ECF No. 2) – Deirdre McCain, Ramon Reyes, Shelly Aguilera, Mark Gentile, John Taft, and Paul Laux have not been served.

Defendants filed a motion to dismiss arguing that the Complaint should be dismissed because of Cannon's failure to serve certain defendants, failure to state a claim, lack of individual liability under Title VII, sovereign immunity, lack of a private right of action to enforce criminal statute 18 U.S.C. § 1001, failure to exhaust his Title VII claims, and on the basis that Linda Anderson is entitled to absolute immunity for her acts as Chief Deputy Attorney General. (ECF No. 21.)

Defendants also filed motions to stay discovery and to vacate the Early Neutral Evaluation ("ENE") arguing that engaging in discovery and participating in an ENE would be wasteful because the Complaint was legally and factually insufficient. (ECF No. 33; 35.) The Court granted the motions to vacate the ENE and stay discovery. (ECF No. 36; 46; 64; 65.) The Court has also stricken two unauthorized reply briefs filed by Cannon (ECF No. 62), denied without prejudice

three of Cannon's motions to amend his Complaint (ECF No. 63), and denied two of Cannon's motions to admit evidence (ECF No. 69).

Cannon filed a motion for leave to file an amended complaint (ECF No. 66) and a motion for a status update (ECF No. 73). Those motions, along with Defendants' motion to dismiss (ECF No. 21) were resolved by this Court on November 18, 2022. (ECF No. 74.) The Court granted Cannon's motion for leave to file an amended complaint, ordered the filing of Cannon's First Amended Complaint (ECF No. 66-1) and dismissed the First Amended Complaint granting Cannon leave to file a Second Amended Complaint within 30 days. (*Id.*)

More than three months have passed, and Cannon has not filed a Second Amended Complaint. Instead, he has filed a Motion for Continuation. (ECF No. 76.) Defendants oppose the motion (ECF No. 77.) Cannon replied. (ECF No. 78.)

**II.    Analysis**

To the extent that Cannon's motion (ECF No. 76) requests reconsideration of the Court's previous Order, it is denied. Cannon's motion (ECF No. 76) in substance attempts to relitigate the Court's previous Order (ECF No. 74) essentially arguing that he has not been given the kind of expansive leeway *pro se* litigants should be afforded. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). As Defendants correctly note, none of the reasons for reconsideration delineated in the *Kona* case are present here.

To the extent that Cannon's motion could be construed as seeking an extension of time to file a Second Amended Complaint, his request is denied on the basis that it is for an indeterminate amount of time and Cannon provides the

Court with no basis to believe that he will be able to retain an attorney or that any attorney could prosecute his claims.

Cannon has been given guidance by the Court and considerable leeway given his *pro se* status, but he has been unable to articulate facts that would entitle him to relief or prosecute his case in compliance with our Local Rules or the Federal Rules of Civil Procedure. The Court previously cautioned Cannon that its latitude is not without limitation and provided Cannon with guidance if he chose to file a Second Amended Complaint. This general guidance was not a substitute for Cannon's own obligation to conduct independent research and prosecute his case with diligence. The Court gave Cannon 30 days to file a Second Amended Complaint if he so chose. (ECF No. 74.) Cannon elected not to file a Second Amended Complaint. There is currently no operative complaint and no proceedings to continue. Cannon has failed to demonstrate any basis for an extension of time or reconsideration. The Court thus denies Cannon's motion to continue (ECF No. 76) and closes this case.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Continuance (ECF No. 76) is DENIED.

IT IS FURTHER ORDERED THAT this case is DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED THAT the Clerk of the Court enter Judgment accordingly and close this case.

DATED THIS 2nd Day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE